Insi/BY, J.
The defendants, in this injunction suit, W. B. Lacy and ti. Reinberg, two of the judgment creditors of A. W. Ballard, had, by separate writs of fieri facias, caused to bo seized on the plantation of their common debtor, and as his property, a lot of unginned cotton, when proceedings under the said writs were arrested by injunction at the instance of the plaintiff, Timothy II. Corcoran, who claimed to bo the owner of the cotton seized by virtue of a purchase thereof from A. W. Ballard, made by him on the 28th June, .1865, and that his possession of it as well as his ownership thereof, were complete when the seizures were made.
These defendants, for answer to the plaintiff's petition, pleaded the general issue, and averred specially that the cotton seized under thoi r writs was not at the time of the seizure in the possession of the plaintiff, no delivery thereof having been made, to Mm by Ballard. That at the time of the pretended sale to the plaintiff and anterior thereto, Ballard was notoriously insolvent, of which the plaintiff was well aware; that he was absconding from his residence at the time, and that, besides the cotton seized, the plaintiff pretended to have riurchased all the property of Ballard—and, finally, they say that the sale under which the plaintiff' pretends to claim is a fraudulent simulation, and cannot have effect to defeat their executions.
The mandate of the injunction was granted on the 11th September, 1865, and the affidavit of the truth of the facts which rendered it necessary, was not made and filed until the Mth of that month. The Court erred in not maintaining the defendants’ motion to dissolve the injunction on that ground, as the oath of the party applying for it was the essential basis of the mandate. Art. 30é, O. P.
The case was submitted on its merits to a jury, who rendered a verdict in favor of the plaintiff, and from the judgment of the Court thereupon, the defendants, after an ineffectual effort to obtain a new trial, appealed.
On the trial of the case in the Court below the plaintiff, as proof of his title to the cotton, offered a paper of the following tenor, viz:
“For and in consideration of the sum of four thousand dollars, cash in hand paid, the receipt acknowledged, I have bargained, sold and delivered to Timothy H. Corcoran, all the cotton I have on my plantation in the parish of East Feliciana, estimated at sixty bales, being in the seed.
The purchaser to superintend the ginning and hauling. In witness whereof, I have this day and date signed this writing and act of sale.
Baton Rouge, June 28th, 1865. A. W, Bappabd,”
*140 This paper was objected to as having no date against the' defendants, but the Court received it, allowing the plaintiff the privilege of fixing a date certain to it. This paper, and the evidence of a witness, (x. W. Smith, is the proof mainly relied upon to establish the sale of the cotton from Ballard to Corcoran. The paper is the title upon which he founds his claim to it, and all that Smith says in this connection, is in answer to the second interrogatory propounded to him by the plaintiff. He says : " I was employed by J. H. Corcoran to gin, bale and haul off a lot of cotton bought, as I understood, by him from Mr. A. W. Ballard. Thp cotton was in East Feliciana. ”
Not the slightest allusion is made anywhere else .in the record, either to the sale or to the paper purporting to bear the dato of the 11th June, 1865, unless it be in the testimony of a witness named Bauchamp, who was the neighbor of Ballard, and had been the agent of himself and wife during their absence, and he says that he knew nothing of any sale of cotton to plaintiff until about the time .the cotton was seized, which was sometime in September following, 1865.”
Applying, then, to this case, the well known rule of evidence, that an act sous seing privé has no date against third persons, except that at which it is purchased, mil ess the real date be proved by evidence dehors the instrument. See 1 Hen. Dig. 600, 6,8. In the absence in this ease of any other evidence aliunde, the act sous saint/ privé cannot be deemed proof of title to the cotton in Corcoran, to affect the defendants’ seizures.
It was incumbent on the plaintiff to make his claim to the cotton certain, and this ho failed to do, unless the vague statement of the witness, Smith, that the sale had been made, as he understood of Corcoran, establishes the fact which, particularly, under the circumstances of this case, we do not think it docs—-as it might, if real, have been shown beyond a doubt.
When the sheriff seized the cotton, there was no apparent adverse possession of it in Corcoran or his agent, but, assuming that Smith had had the possession of it for Corcoran, it was an unjustifiable and illegal possession, and either Ballard or his creditors, under their writs of fiei i facias might have taken the possession of it, to which they had the legal right, out of his hands, provided no violence was used. (See Wells v. Wells, 8 N. S. 311.
No objection to or protestation against the seizure made by the sheriff, seems to have been made at the time thereof, either by Corcoran or Smith.
The plaintiff’s success in the present case, where so manycircumstauces concur to render such a transaction suspicious, depended on his showing at least satisfactorily a transfer and delivery of the cotton, but this he failed to do.
It is therefore ordered, adjudged and decreed, that the verdict of the jury-be set aside, and the judgment of the Court below annulled, avoided and reversed.
It is further ordered that the injunction sued out by Timothy H. Corcoran be dismissed, and his suit dismissed, with costs in both courts.